LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-02181 BRO (DTBx) | Date | February 20, 2014 |
|---|---|---|---|
| Title | EDWARD DICKENS v. AM. INT'L GRP. INC., ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS)

## ORDER TO SHOW CAUSE RE SANCTIONS

On November 26, 2013, Defendants filed a notice of removal in the instant action. (Dkt. No. 1.) On January 7, 2014, Plaintiff filed a motion to dismiss for lack of subject matter jurisdiction. (Dkt. No. 7.) In his motion, Plaintiff argued the "direct action" exception to corporate citizenship under 28 U.S.C. § 1332(c)(1) applies to this case, thereby precluding diversity among the parties. (*See id.* at 4.) On January 17, 2014, Defendants filed an opposition, explaining that well-established Ninth Circuit case law indicates that Plaintiff's action against his own insurance company is not a "direct action," and thereby rendering the exception under § 1332(c)(1) inapplicable. (Dkt. No. 8, at 3–4.) In their opposition, Defendants also revealed that Plaintiff's counsel made no attempt to meet and confer prior to filing the motion to remand, as required pursuant to Local Rule 7-3. (Dkt. No. 8, at 7–8.) Plaintiff failed to file any reply to Defendants' opposition.

Given that, under well-established Ninth Circuit case law, Plaintiff's action unequivocally is not a "direct action," and therefore without the § 1332(c)(1) exception to corporate citizenship, the Court issued an order on February 5, 2014, denying Plaintiff's motion and ordering Plaintiff's counsel to show cause why it should not be sanctioned in the amount of $4,702.00 for Defendants' fees and costs in opposing Plaintiff's motion. (Dkt. No. 12.) Plaintiff's counsel filed a response to the Court's order on February 6, 2014. (Dkt. No. 13.) In its response, Plaintiff's counsel explains that "[o]n February 3, 2014, Plaintiff's counsel agreed to vacate its Motion for Remand and in turn, Defendant's counsel agreed to vacate its Request for Sanctions in Opposition to Plaintiff's Motion to

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-02181 BRO (DTBx) | Date | February 20, 2014 |
|---|---|---|---|
| Title | EDWARD DICKENS v. AM. INT'L GRP. INC., ET AL. | | |

Remand." (Dkt. No. 13, at ¶ 2.) Plaintiff explains that "[o]n February 3, 2014, Plaintiff's counsel's office called the Clerk of the District Court asking to vacate Plaintiff's Motion for Remand hearing." (*Id.* at ¶ 3.) Finally, in its response, Plaintiff's counsel "request[s] the Court's OSC be vacated and no sanctions issued against Plaintiff." (*Id.* at ¶ 5.)

Plaintiff's counsel's response to the Court's order to show cause is insufficient. Pursuant to Local Rule 7-3, Plaintiff's counsel was required to confer with defense counsel prior to filing its motion: "[C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, *preferably in person*, the substance of the contemplated motion and any potential resolution." L.R. 7-3 (emphasis in original). This Plaintiff's counsel did not do. Local Rule 7-3 helps to conserve judicial resources by eliminating issues that need not be considered by the Court.[1] The rule is of such importance that a district court may even deny a party's motion for failing to comply with its requirements. *See Singer v. Live Nation Worldwide Inc.*, No. 11-0427, 2012 WL 123146 (C.D. Cal. Jan. 13, 2012) (denying a motion for summary judgment where the moving party met and conferred three days prior to filing the motion, in violation of Local Rule 7-3). Had Plaintiff's counsel complied with this rule, it undoubtedly would have learned from defense counsel the unequivocal Ninth Circuit case law explaining the inapplicability of § 1332(c)(1) to the instant case, and would have elected not to file the motion to remand.

Next, Plaintiff's counsel claims it decided on February 3, 2014, to "vacate" its motion to remand. (*See* Dkt. No. 13, at ¶ 2.) Yet Defendants filed their opposition, explaining the futility of Plaintiff's motion, on January 17, 2014—more than two weeks prior to Plaintiff's counsel's decision to "vacate" the motion. (*See* Dkt. No. 8.) In its response, Plaintiff's counsel fails to explain why it did not seek to "vacate" its motion sooner. (*See* Dkt. No. 13.)

Finally, although Defendants' counsel may have agreed to "vacate" its request for sanctions, it has not communicated this intention to the Court, and Plaintiff's counsel's response to the Court's order to show cause was not a joint filing. (*See* Dkt. No. 13.) In any case, the Court ordered Plaintiff's counsel to show cause regarding sanctions

---

[1] Such is the case here, where, upon reviewing Defendants' opposition, Plaintiff agreed to "vacate" the motion to remand. (*See* Dkt. No. 13, at ¶ 2.)

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-02181 BRO (DTBx) | Date | February 20, 2014 |
|---|---|---|---|
| Title | EDWARD DICKENS v. AM. INT'L GRP. INC., ET AL. | | |

pursuant to Federal Rule of Civil Procedure 11(c)(3).² (Dkt. No. 12, at 6 ("Accordingly, for these reasons, and *pursuant to Federal Rule of Civil Procedure 11(c)(3)*, Plaintiff's counsel is ORDERED TO SHOW CAUSE why it should not be required to pay sanctions to Defendants in the amount of $4,702.00, for the fees and costs incurred in opposing Plaintiff's motion," (emphasis added).).)  The Court notes that its order does not regard potential sanctions against Plaintiff, but against Plaintiff's *counsel*.  (*See* Dkt. No. 13, at ¶ 5 ("We request the Court's OSC be vacated and no sanctions issued against *Plaintiff*," (emphasis added)).)

Accordingly, Plaintiff's counsel is again ORDERED TO SHOW CAUSE why it should not be sanctioned for failure to comply with Federal Rule of Civil Procedure 11(b)(2).  Counsel must file a response no later than **Monday, February 24, 2014, at 12:00 p.m.**

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |

---

² Federal Rule of Civil Procedure 11(c)(3) provides, "On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)."